UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CATHERINE ZACHERY                                                                     PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:12-CV-606/U

ERIC SHAW and JORDAN
CARRIERS, INC.                                                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This action arose out of a motor vehicle accident on Interstate 65 in Louisville, Kentucky. According to the complaint filed by the plaintiff, Catherine Zachery, she was driving an automobile on the freeway when a tractor-trailer, driven by defendant Eric Shaw and owned by defendant Jordan Carriers, Inc., crossed into her right of way and struck her car. Zachery states that the tractor-trailer pushed her car for 100 feet until her car ran off the road. The Louisville Metro Police Department filed a collision report placing fault for the accident on Shaw. Zachery alleges that, as a result of the accident, she suffered multiple spinal injuries for which she underwent chiropractic treatment, she had post-traumatic stress for which she had to be treated by a psychologist and a psychiatrist, her car was totaled, her ability to work was impaired, and she has difficulty sleeping and concentrating and has been forgetful because of the pain from her injuries. Zachery brings claims against the defendants for negligence. She also seeks punitive damages from both defendants. The defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims for punitive damages.

Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide more than "labels and conclusions," *Twombly*, 550 U.S. at 555, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Accordingly, a court considering a motion to dismiss can begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

Under Kentucky law, punitive damages are available only if a defendant acted with oppression, fraud, malice, or gross negligence. KRS § 411.184; *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998). Courts have stressed that the gross negligence that is required for an award of punitive damages under Kentucky law differs from ordinary negligence. Gross negligence requires a showing that, not only did a defendant fail to exercise reasonable care, the defendant did so with a "'wanton or reckless disregard for the lives, safety or property of others.'" *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003) (quoting *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-390 (Ky. 1985)).

The defendants point to two relevant cases that provide guideposts for determining whether an automobile driver's actions were sufficiently culpable to warrant punitive damages: *Kinney v. Butcher*, 131 S.W.3d 357 (Ky. Ct. App. 2004) and *Turner v. Werner Enters., Inc.*, 442 F. Supp. 2d 384 (E.D.Ky. 2006). In *Kinney*, the defendant crashed into the plaintiff while speeding and attempting to pass another vehicle. The defendant had apparently begun to pass the other vehicle in a passing zone, but had entered a no-passing zone by the time his vehicle struck the plaintiff's vehicle. The Kentucky Court of Appeals stated:

> [T]raveling at a possible speed of ten miles per hour in excess of the posted speed limit and failing to complete a pass before entering a no-passing zone constitute nothing more than ordinary negligence. Were we to accept Kinney's argument that it amounts to wanton or reckless disregard for the safety of others, it would effectively eliminate the distinction between ordinary and gross negligence in the context of automobile accidents. Nearly all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence.

*Kinney*, 131 S.W.3d at 359. The Kentucky Court of Appeals continued that punitive damages should be reserved for "truly gross negligence," such as driving while intoxicated. *Id.*

In *Turner*, a defendant was driving a tractor-trailer when he began to get tired around Lexington, Kentucky. However, the defendant did not pull off the road, but continued to drive, seeking to make it to a truck stop over 20 miles away. The defendant came behind a truck driven by the plaintiffs and attempted to swerve around it, but his fender hit a trailer being pulled by the plaintiffs and caused an accident. The defendant claimed that he was not asleep at the time of the collision, but acknowledged that he was sleepy and in an "in and out state." The Eastern District of Kentucky found that punitive damages were unavailable because driving while sleepy, without more, does not constitute gross negligence. *Turner*, 442 F. Supp. 2d at 386. The court noted that, as

in *Kinney*, a finding of gross negligence based on the facts of that case would eliminate the distinction between ordinary negligence and gross negligence. *Id.*

Under those standards, the allegations in Zachery's complaint are insufficient for a finding that Shaw could be liable for punitive damages. First, the court notes that much of the language used by Zachery in her complaint relating to punitive damages is nothing more than conclusory recitations of the standard for assessing punitive damages. For instance, Zachery alleges that "Shaw's actions or inactions with respect to the operation or control of his vehicle constitute a gross negligence and/or oppression and said actions or inactions were with reckless disregard for the wellbeing of others, including Ms. Zachery." Inasmuch as that statement simply asserts legal conclusions, it is not entitled to any assumption of truth.

Stripping away such conclusory allegations from the complaint, all that is left are the facts enumerated at the beginning of this opinion and order: that Shaw crossed into Zachery's right of way and struck her vehicle, pushing it 100 feet before forcing it off the road. Even construed in the light most favorable to Zachery, the most that can be said from those facts is that Shaw was at fault for an accident, not that he acted oppressively, fraudulently, maliciously, or with a wanton and reckless disregard for others. As *Kinney* and *Turner* make clear, causing an accident is simply not enough to warrant punitive damages; otherwise, the punitive damages standard would be no different than the standard for ordinary negligence. Thus, the punitive damages claim against Shaw must be dismissed.

Likewise, once the conclusory allegations are omitted from the complaint, there is nary a factual allegation that indicates that Jordan Carriers acted oppresively, fraudulently, maliciously, or with a wanton and reckless disregard for others. And, since the punitive damages claim against

Shaw must be dismissed due to insufficient factual allegations, any respondeat superior theory of liability for punitive damages against Jordan Carriers must fail. Further, Kentucky law limits respondeat superior liability for punitive damages to situations where an employer authorized, ratified, or should have anticipated its agent's conduct. KRS § 411.184(3). While Zachery alleges that Jordan Carriers "should have been on notice of Shaw's dangerous propensities and was negligent in selecting him as its agent," those are purely conclusory statements not backed up by any factual allegations. There is no indication of what Shaw's allegedly "dangerous propensities" are, nor is there any indication of why Jordan Carriers should have known about them. Thus, the factual allegations, stripped of the legal conclusions, do not state a plausible claim for punitive damages against Jordan Carriers.

Zachery asks that if this court finds the pleadings insufficient, it provide her the opportunity to amend her pleading. However, Zachery does not attach a proposed amended complaint, nor does she state what additional factual allegations she would make in order to sufficiently state a claim under the *Twombly*/*Iqbal* standard. Without knowing what additional factual allegations Zachery would make, this court has no basis for determining whether the proposed amendments would be futile. Accordingly, the court will deny Zachery's request for leave to amend. However, it will dismiss the punitive damages claims without prejudice in light of the possibility that Zachery could seek to amend the complaint to add sufficient factual allegations to assert claims for punitive damages.[1]

---

[1] Of course, any factual allegations Zachery might make in that regard would be subject to Federal Rule of Civil Procedure 11(b), which states that a pleading shall be made to the best of the attorney's knowledge, information, and belief, formed after an reasonable inquiry, that the factual contentions have evidentiary support or will likely have evidentiary support after discovery is conducted.

- 5 -

- 6 -

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Eric Shaw and Jordan Carriers, Inc., to dismiss the punitive damages claims (DN 16) is **GRANTED** and the punitive damages claims against Shaw and Jordan Carriers are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

April 15, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**